Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John J. Tharp Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 1747 | **DATE** | 6/3/2013 |
| **CASE TITLE** | Zambezia Film Pty Ltd. vs. Does 1-45 | | |

**DOCKET ENTRY TEXT**

For the reasons explained in the Statement section of this order, the plaintiff's motion to take discovery prior to the Rule 26(f) conference [4] is denied without prejudice.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiff Zambezia Film Pty Ltd. ("Zambezia") moves for leave to take early discovery to determine the identities of the 45 "John Doe" defendants who allegedly violated its copyright. So far, Zambezia has only been able to identify the defendants by their IP addresses, and it requests early discovery to obtain the defendants' true identities.

Zambezia alleges that each of the defendants participated in the same BitTorrent "swarm" to unlawfully share Zambezia's copyrighted movie, Adventures in Zambezia, with one another. In support of its motion, Zambezia presents the declaration of Darren M. Griffin, a software consultant with Crystal Bay Corporation. According to Zambezia, it hired Crystal Bay Corporation to identify the IP addresses of BitTorrent users who were copying and distributing the copyrighted work. Griffin was the individual responsible for reviewing, analyzing, and attesting to the results of Crystal Bay Corporation's investigation.

The Court cannot credit Griffin's declaration, however. Nothing in the declaration relates specifically to this lawsuit. The declaration does not mention the name of the movie that Griffin allegedly observed the defendants unlawfully sharing, nor does it identify any IP address that Griffin observed. Instead the declaration refers to an Exhibit B that contains a list of IP addresses, but Exhibit B describes IP addresses located in Illinois while the declaration says that the IP addresses come from Ohio. Therefore, it is not clear that Exhibit B actually corresponds to the declaration. It is apparent that the declaration—perhaps because it is a "form" declaration designed to be used in numerous simultaneous lawsuits—was not executed with the care necessary to ensure that the statements it contains are accurate. By way of further example, the case caption on the declaration, which is the only part of the declaration that specifically references either party, lists "DOES 1-55" as the defendants in this action. But Zambezia's complaint identifies only 45 Doe defendants, and Exhibit B contains only 45 IP addresses.

In sum, there are many indications that Griffin's declaration may be unreliable, and the Court will not rely on it. Therefore, Zambezia has not made the requisite showing to obtain early discovery, and its motion is denied without prejudice.

*/s/ John J. Tharp Jr.*

| | Courtroom Deputy Initials: | AIR |
|---|---|---|